UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PEREZ RODRIGUEZ,<br><br>                Petitioner,<br><br>                v.<br><br>GIGI MATTESON,<br><br>                Respondent. | Case No. 5:21-01213 FWS (ADS)<br><br>ORDER ACCEPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

      Before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1) ("Petition") filed by Petitioner Jose Perez Rodriguez ("Petitioner"). Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, Respondent's Motion to Dismiss (Dkt. 8), Petitioner's Oppositions to the Report and Recommendation and Motion to Dismiss (Dkts. 13, 14, 16), the Final Report and Recommendation of the United States Magistrate Judge (Dkt. 17), and all the records and files therein.

///

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

The Final Report and Recommendation has a somewhat unusual procedural background. On August 4, 2022, after the Magistrate Judge issued the Report and Recommendation on the unopposed Motion to Dismiss but during the objections period, Petitioner filed an Opposition to the Motion to Dismiss and stated that he never received the Motion to Dismiss. (Dkt. 13.) In a separate but related filing, Petitioner requested 30 days to brief an equitable tolling argument. (Dkt. 14.) The Magistrate Judge granted Petitioner the opportunity to respond to the Motion to Dismiss by August 29, 2022, and gave Respondent an opportunity to reply. (Dkt. 15.) On August 25, 2022, Petitioner filed an Opposition. (Dkt. 16.) Respondent did not file a Reply. (*See generally* Dkt.) Although Petitioner filed Oppositions to the Report and

2

Recommendation and Motion to Dismiss (Dkts. 13, 14, 16), the court observes no objections were filed. (*See generally* Dkt.)

In the Opposition filed on August 25, 2022, Petitioner argues that the Petition is timely because equitable tolling applies. (Dkt. 16.) Petitioner contends he was transferred to federal custody for approximately 15 months beginning on June 28, 2018, and was not allowed to take his legal documents with him. (*Id.* at 2-3.) Petitioner also alleges that once he was transferred to state custody, the Covid-19 pandemic caused the prison to go into lockdown, thus depriving him from access to the law library. (*Id.* at 3.) He attaches exhibits related to his outgoing legal mail history, correspondence from the U.S. Department of Justice notifying him of his February 19, 2021 release, and public inmate data. (*Id.* at 5-12.)

The Court finds that Petitioner failed to adequately demonstrate that equitable tolling applies. Equitable tolling applies when a petitioner shows both: "(1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner "bears the burden of showing that equitable tolling is appropriate" and that analysis is "highly fact-dependent." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (footnote and citations omitted).

Here, the Court concludes Petitioner provides insufficient supporting facts, details, evidence, or declarations to substantiate his equitable tolling arguments. *Cf. Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002) (noting that petitioner provided a copy of the prison transfer log and an affidavit by an inmate worker to support his allegation that he was transferred to a different prison and deprived access to legal materials). Petitioner does not adequately specify which particular legal materials he

was deprived of during his federal custody. The exhibits attached to Petitioner's Opposition also do not sufficiently substantiate his assertions that he was transferred to federal custody and deprived access of his legal materials or elaborate on his allegation regarding the lack of access to the law library.

In his Opposition, Petitioner cites to *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). In *Waldron-Ramsey*, the Ninth Circuit held that equitable tolling did not apply because the plaintiff was uncooperative because he refused to sign the release of his legal materials or consolidate his legal materials into the boxes that he was allowed. *Id.* at 1013. Thus, the Ninth Circuit determined that the plaintiff did not meet his burden of demonstrating that he exercised due diligence in filing his petition. *Id.* at 1014. Similarly, here, Petitioner has not adequately established that he pursued his claims diligently. *See Holland*, 560 U.S. at 649. Nowhere in the Opposition does Petitioner state that he requested his legal materials while in federal custody, nor does he explain what materials he needed and why. As such, Petitioner has not sufficiently established that he acted with diligence in requesting his legal materials and filing his petition. *Compare Knox v. Soto*, 2016 WL 3679299, at *8 (C.D. Cal. May 6, 2016) (finding equitable tolling did not apply when petitioner did not request access to legal files), *report and recommendation adopted by* 2016 WL 3659168 (C.D. Cal. July 7, 2016), *aff'd sub nom. Knox v. Asuncion*, 753 F. App'x 432 (9th Cir. 2019) *with Espinoza-Matthews*, 432 F.3d at 1027 (finding equitable tolling applied when petitioner requested his legal property four times). Accordingly, Petitioner has not adequately established that he is entitled to equitable tolling, and thus the Petition is untimely.

Based on the state of the record, as applied to the applicable law, the Court adopts the Final Report and Recommendation, including each of the findings of fact and conclusions of law therein.

IT THEREFORE IS ORDERED that:

1. The Court accepts the findings and recommendations of the Magistrate Judge (Dkt. 17);
2. Respondent's Motion to Dismiss (Dkt. 8) is granted and this case is dismissed with prejudice; and
3. Judgment is to be entered accordingly.

DATED: September 29, 2022

_____
HONORABLE FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE